## ANDOVER *v.* KENDRICK.

Under the act of 1855, for the suppression of intemperance, liquors, sold by an agent duly appointed and qualified, and for the purposes specified and authorized in the act, upon credit, when the selectmen had made no regulation as to whether sales should be made on credit or not, are a good consideration for a promissory note, given for the price of liquors so sold.

ASSUMPSIT, on a note payable to the plaintiff, or order, for $25, dated January 1, 1859, and given by the defendant for liquors sold by the plaintiffs' duly appointed and qualified agent, for the purposes specified in the act of July 14, 1855, for the suppression of intemperance. The liquors were sold on credit, the selectmen having made no regulation that sales should be made on credit or otherwise. On the above facts, it was agreed that such judgment should be rendered as these facts warranted, and the questions were transferred.

*Shirley,* for the plaintiffs.

*Kendrick, pro se.*

SARGENT, J. Spirituous liquors are property, and as such are under the protection of law. *Fuller* v. *Bean,* 30 N. H. 181; *State* v. *Johnson,* 33 N. H. 465. And though there is no doubt of the constitutional power of the legislature to restrict and limit, and thus to regulate the sale of such property, and though a sale in violation of such regulations is illegal, and, if made on credit, no action could be maintained for the price, yet when such property is sold, in accordance with the provisions of the law, and for the · purposes for which the law expressly authorizes the sale, by the proper agent, duly appointed, at the proper place, and in a way not prohibited by any instructions to the agent from the selectmen, or other com-

petent authority, we can not see any reason to hold the sale illegal, or that this property, thus sold, is not as good and legal a consideration for a promise to pay money, as any other kind of property in any other class of contracts.

By the statute, the agent is, in his purchases and sales, to conform to such rules and regulations as said mayor and aldermen or selectmen shall prescribe, not inconsistent with the provisions of said act.

In this case, the sale was not in violation of any rule or regulation prescribed by the selectmen, for they had made no rule touching that point, and no question is here raised between the town and the agent. The agent, it seems, took the note, payable to the town, and the town have ratified his acts, and accepted the note of the agent as so much money, as appears by their bringing this suit, and carrying it on in their own name and upon their own account. Had the agent violated his instructions, so as to have made the sale illegal, perhaps the defendant could have availed himself of that defense, whether the note had been sued by the town or by the agent. But that not being so, it was none the less a sale when made on credit than it would have been for cash. If the party selling had no license, or was not legally authorized to sell, he would be none the less guilty of a violation of the law for selling on credit than for cash.

The question might have arisen between the town and the agent, as to whether the town was obliged to take the note and allow the agent for it, or whether the town might, in the absence of instructions, claim the money of the agent, on the ground that the credits should be entirely at his risk; but, as we have seen, that question is not raised in this case.

But suppose it were held that the town might demand and recover the money of the agent for all the liquor sold, yet it might not be certain but that, by their giving him no instructions not to sell on credit, he would have the right

thus to sell upon his own risk; and if he accounted in money to the town for such sale, he might, perhaps, collect the note in his own name, or the name of another, for his own benefit. It might not be held to be an illegal sale, so but that some one might collect the note of the defendant. On that point we express no opinion. But upon the facts stated in this case, there must be

*Judgment for the plaintiffs.*